O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY IANNI, an individual and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>TJX COMPANIES, INC.,<br><br>  Defendant. | Case No. CV 13-07135 DDP (SHx)<br><br>**ORDER TO SHOW CAUSE RE: AMOUNT IN CONTROVERSY** |

The parties are ordered to show cause why this action should not be remanded for lack of subject matter jurisdiction. Defendant removed this action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(d)(2). It is not clear to the court, however, that the amount in controversy exceeds the $5 million jurisdictional minimum. Plaintiff's complaint does not specify a particular amount of damages. Under such circumstances, Defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum. Rodriguez v. At&T Mobility Servs., LLC., – F.3d –, 2013 WL 4516757 at *6 (9th Cir. Aug. 27, 2013).

1    Here, Defendant posits that the $5 million minimum is met because "thousands of individuals" applied for employment at Defendant's stores and California Civil Code § 1786.50(a)(1) provides for a recovery of actual damages or $10,000, whichever is greater. Thus, Defendant argues, a class of only 501 members would be sufficient to satisfy the jurisdictional minimum.

Defendant's calculation, however, is based on the assumption that each class member could recover at least $10,000. While Defendant is correct that this court must look to the aggregate amount in controversy, Defendant also itself acknowledges that California Civil Code § 1786.50(a)(1) explicitly states that the $10,000 figure is recoverable "<u>except in the case of class actions.</u>" California Civil Code § 1786.50(a)(1) (emphasis added).

It is, therefore, unclear to the court whether the aggregate amount in controversy in this case exceeds $5 million. Accordingly, the parties are ordered to file cross-briefs, not to exceed eight pages, by Monday, October 21, 2013 showing cause why this action should not be remanded for lack of subject matter jurisdiction. Each party shall also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles 90012. Failure to file a brief in accordance with this Order will be deemed consent to remand of this action.

IT IS SO ORDERED.

Dated: October 10, 2013

DEAN D. PREGERSON
United States District Judge

2